## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT BONNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1278-JMB |
| | ) | |
| MEDICREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff LaMont Bonner, Jr. for leave to proceed in this civil action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint against "Medicredit, Inc." He identifies the defendant as a Missouri entity. He invokes this Court's federal question jurisdiction, and can be understood to seek relief pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*[1]

---

[1]This action is one of eight lawsuits plaintiff filed in this Court in October of 2021 to claim violations of the FDCPA and/or the FRCA. *See Bonner v. Santander Consumer USA,* No. 4:21-CV-1221 SRW (E.D. Mo. Oct. 12, 2021); *Bonner v. Equifax,* No. 4:21-CV-1236 NAB (E.D. Mo. Oct. 13, 2021); *Bonner v. TransUnion,* No. 4:21-CV-1237 HEA (E.D. Mo. Oct. 13, 2021); *Bonner v. I.C. System,* No. 4:21-CV-1261 JCH (E.D. Mo. Oct. 20, 2021); *Bonner v. Medicredit, Inc.,* No. 4:21-1278 JMB (E.D. Mo. Oct. 25, 2021); *Bonner v. First Progress,* No. 4:21-CV-1295 SPM (E.D. Mo. Oct. 28, 2021); *Bonner v. Comenity Bank,* No. 4:21-CV-1296 NCC (E.D. Mo. Oct. 28, 2021); *Bonner v. Manderich Law Group,* LLP, No. 4:21-CV-1297 RLW (E.D. Mo. Oct. 28, 2021).

Plaintiff sets forth his statement of claim as follows: [2]

The defendant sent numerous of letter to my place of abode starting around December of 2020, stating that I owe an alleged debt for two accounts and that I had to pay or it would be reflected on my credit file. The defendant obtained my information private information without my consent. The defendant reported the account to the CRA's and reported the account until August 2021. In August the defendant said they will stop reporting the alleged debt to the CRA's but they will continue to collect on the alleged debts. Then later in August the defendant said they cease to collect one debt but will still attempt to collect on the other alleged debt. The letters the defendant sent were misleading due to the amount claiming to be owed showed in a postive number. When these two accounts were reported to my credit file it dropped my credit score by 100 points. At the time I was trying to obtain a land vehicle to travel back and forth to work. I was denied from obtaining a car due to this being reported on my credit file.

Plaintiff seeks monetary relief.

## Discussion

Having thoroughly reviewed and liberally construed the complaint, the Court concludes it fails to survive review under 28 U.S.C. § 1915(e)(2)(B). First, plaintiff's allegations fail to state a viable FCRA claim. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). The FCRA places responsibilities on credit reporting agencies ("CRAs"), and on those that furnish them with information. *McIvor v. Credit Control Services, Inc*., 773 F.3d 909, 915 (8th Cir. 2014). The FCRA "provides for recovery by a consumer upon a showing of willful or negligent failure to follow reasonable procedures," *Hauser v. Equifax, Inc.*, 602 F.2d 811, 814 (8th Cir. 1979), while enforcement of some subsections is restricted to federal and state authorities.

Under the FCRA, if a consumer notifies a CRA of a dispute regarding the completeness or accuracy of information contained in his credit report, the CRA must conduct a reasonable

---

[2] The text is quoted without correction of the spelling and grammatical errors.

reinvestigation of the disputed information to determine its accuracy, and a consumer can assert a private right of action against the CRA for willful and negligent noncompliance. *See* 15 U.S.C. § 1681i(a). Regarding furnishers of information, to state an FCRA claim a plaintiff must establish "(1) a dispute regarding the accuracy or completeness of information from the CRA; (2) notice of the dispute from the CRA to the furnisher; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation." *Echols v. Cavalry Portfolio Services, LLC*, 2021 WL 426255, at *2 (E.D. Mo. Feb. 8, 2021).

In the case at bar, plaintiff does not specifically identify the defendant as a CRA. Even if he had, the complaint would fail to state a valid FCRA claim because it does not allege that plaintiff disputed the completeness or accuracy of any information, and the defendant willfully or negligently failed to comply with any FCRA provision. To the extent plaintiff can be understood to identify the defendant as a furnisher of information, he also fails to state a valid FCRA claim. Plaintiff does not allege the defendant was notified of a dispute and failed to take required action. In fact, plaintiff makes no attempt to allege that he did not owe the debs in question, or that inaccurate information was provided. In sum, the complaint simply contains no allegations that can be interpreted as stating a valid FCRA claim.

The complaint also fails to state a valid FDCPA claim. The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). The FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("[t]he FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices"). "To establish a prima facie case in an action for

violation of the Fair Debt Collection Practices Act, the plaintiff must plead and prove (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt." *Webb v. SuddenLink Commc'ns*, 2010 WL 3940905, at *1 (E.D. Mo. Oct. 6, 2010).

In the case at bar, plaintiff does not specifically allege that the defendant is a debt collector as defined in the FDCPA. Even if the Court were to presume that plaintiff had properly identified the defendant as a debt collector, plaintiff's allegations would fail to state a valid FDCPA claim because they do not establish that the defendant engaged in conduct prohibited by the FDCPA. Plaintiff does not allege he did not owe the debt the defendant was trying to collect, nor does he allege the defendant somehow lied to him about his debt, misrepresented the amount owed, or engaged in any conduct that was prohibited by the FDCPA. Plaintiff does assert that the defendant's communications were misleading because they expressed his debt in a positive number. However, expression of a debt in this manner cannot be considered intrinsically misleading, and plaintiff neither explains why he found it misleading, nor connects his assertion to any provision of law. In sum, plaintiff has offered nothing more than unsupported assertions and conjecture in support of his claims. For all of the foregoing reasons, the Court concludes this action must be dismissed at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** than an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of January, 2022.

/s/  Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE